UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA WRIGHT,<br><br>                              Plaintiff,<br><br>v.<br><br>SAN DIEGO GAS AND ELECTRIC et al.,<br><br>                              Defendants. | Case No.:  24-cv-404-CAB-MSB<br><br>**ORDER:**<br>**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS [Doc. No. 2]; and**<br><br>**2) DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(iii).**<br><br>[Doc. Nos. 2, 3] |

On February 29, 2024, Plaintiff Sandra Wright filed this civil action pro se against San Diego Gas and Electric and the City of San Diego.  [Doc. No. 1.]  She did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead, she filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  [Doc. No. 2.]  She also filed a request for appointment of counsel.  [Doc. No. 3.]

**I.      Motion to Proceed IFP**

Generally, all parties instituting a civil action in this court must pay a filing fee.  *See* 28 U.S.C. § 1914(a); CivLR 4.5(a).  However, under 28 U.S.C. § 1915(a), the court may authorize the commencement, prosecution or defense of any suit without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing

that he or she is unable to pay filing fees or costs. "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). The granting or denial of leave to proceed IFP in civil cases is within the sound discretion of the district court. *Venerable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

Here, the Court cannot determine Plaintiff's assets, debts, and expenses based on the information provided in Plaintiff's application. The application lists income and assets of a spouse that far exceed Plaintiff's monthly expenses and would indicate that Plaintiff can pay the court costs and still afford the necessities of life. On the other hand, the application appears to indicate that Plaintiff is recently divorced, meaning that her ex-spouse's assets and income do not support Plaintiff's living expenses. In light of the foregoing, Plaintiff's IFP application lacks the "particularity, definiteness and certainty" required to support a request to proceed IFP. *See Escobedo*, 787 F.3d at 1234.

## II.   Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)

Regardless of the adequacy of Plaintiff's Motion to Proceed IFP, a complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* dismissal if it is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *see also Chavez v. Robinson*, 817 F.3d 1162, 1167-68 (9th Cir. 2016) (noting that § 1915(e)(2)(B) "mandates dismissal—even if dismissal comes before the defendants are served"). Congress enacted this safeguard because "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

Here, the complaint is largely unintelligible.  There do not appear to be any allegations against the listed defendants.  Moreover, Plaintiff appears to be alleging that she did not receive a judgment in a state court case from more than fifteen years ago, meaning her claims are likely outside of this Court's jurisdiction and possibly barred by the applicable statutes of limitations.  In any event, the Court cannot discern any factual allegations that could support a plausible claim for relief over which this Court would have subject matter jurisdiction.  Accordingly, even if Plaintiff is entitled to proceed IFP, her complaint is subject to *sua sponte* dismissal.

### III. Conclusion

For the foregoing reasons, it is hereby **ORDERED** the complaint is **DISMISSED** pursuant to 28 U.S.C. 1915(e)(2)(B).  Plaintiff's IFP application and request for appointment of counsel are **DENIED AS MOOT**.

It is **SO ORDERED**.

Dated:  March 4, 2024

_____
Hon. Cathy Ann Bencivengo
United States District Judge